J. CHARLES REID, *et al. v.* COUNTY COURT OF BROOKE COUNTY, *et al.*

(CC 608)

Submitted April 11, 1939. Decided May 2, 1939.

*Pinsky & Mahan,* for petitioners.
*P. J. McGuire,* for respondent.

Maxwell, Judge:

On this certification there is presented the question of the sufficiency of a petition to reverse an order of the County Court of Brooke County, entered August 22, 1938, laying the tax levies for that year.

The circuit court overruled the county court's demurrer to the petition filed by protesting taxpayers, and certified the questions to this court for review.

A statute, Code, 11-8-22, authorizes a circuit court to review an order for levies and to reverse the same if ascertained to be "contrary to law."

The principal ground relied on by the taxpayers to reverse the levy order is a recital therein as follows: "The County Court unanimously agreeing that the present proposed levy is excessive and that a levy of approximately 80% of the amount proposed and levied would be sufficient for the fiscal year of 1938-39, but by reason of the action, advice and ruling of the State Department of Public Assistance of Charleston, West Virginia, that in order for Brooke County to secure State grant for general relief purposes it must as a condition precedent thereto lay a levy as proposed." The taxpayers, by way of supplement to the quoted recital, allege in their petition that the levies are excessive because based on an estimate which includes $34,191.02 for a new courthouse and a jail, and $10,000.00 for delinquent taxes, which amounts, it is asserted, were "uncalled for insofar as the necessary functions of the County Government of Brooke County demanded."

The demurrer to the petition is grounded on the propositions, (a) that the county court acted under a discretion vested in it by law, and (b) that the levies are within the constitutional maximums and therefore not unlawful.

In overruling the demurrer to the petition the circuit court stated in written opinion that "while it is further certain that the levy provided for did not violate the Tax Limitation Amendment, it is apparent that the Court members found that some of the proposed expenditures were 'unnecessary' and that the proposed levy exceeded

by 20% the amount required to be raised for 'necessary' County current purposes.

"It seems to this Court that the County Court was coerced into proposing expenditures which it knew to be unnecessary, and to thus increase its levy beyond an amount which would provide sufficient funds to take care of all County current needs. The list of proposed expenditures was (to use an inelegant but expressive term) 'padded' to the extent of approximately $26,000, so that the County could be in a position to receive a State grant for general relief purposes, should relief be found necessary at a later date."

We are unable to accept the view of the circuit court. The levies being within the constitutional limits, there arises the presumption that the county court acted properly in the discharge of its duties in making up the estimates which supported the levies. The unexplained allegation in the taxpayers' petition that the two items mentioned are uncalled for in furtherance of the proper functions of the government of Brooke County, is not sufficient to bring the case under judicial scrutiny. It is a familiar rule that mere generalities in pleadings are not ordinarily sufficient to present a *prima facie* case. Especially is this true where the allegation is against public officials, in whose favor there is a presumption of good faith and propriety of conduct while in the exercise of legal discretion. The inclusion in the general county fund of two substantial items, one for a courthouse and jail, and the other to cover delinquent taxes, may, reasonably, be taken as evidencing commendable foresight on the part of the county court.

Under Sections 4 and 5 of Article X, Chapter 1 of the Acts of the First Ex. Session of the Legislature of 1936 (Code 1937, 9-10-4 and 5), the county court of each county shall annually include in the levy a fund for general relief, the amount whereof shall not be less than fifteen per centum of the total which the county court is legally authorized to levy for current purposes. Where maximum levies are laid and fifteen per centum thereof is set aside

for general relief, the requirements of the statute cited are thereby complied with, and the application of the eighty-five per centum of the total is a matter within the lawful discretion of the county court. The general relief statute requires that maximum levies be laid in order that a county may receive state aid, and such is consequently the position taken in these matters by the State Department of Public Assistance.

Just what the members of the county court may have intended by the above quoted statement, respecting their belief that the levy is excessive, is not entirely clear. The recital is directed to the requirements for the fiscal year 1938-1939, and does not take into account the increase in the levy due to the provisions for a new courthouse and jail and delinquent taxes. At most, it is entitled only to secondary consideration. The official act in laying the levy is the thing which is controlling. The discordant words become unimportant. The levies appearing to be proper, the complainants allegation of excessiveness, in the absence of specification, is not sufficient to subject the county court's action to judicial review.

For the reasons stated we are of opinion to reverse the order of the circuit court, sustain the demurrer to the petition without prejudice to the petitioners' rights, if any they have, and to remand the cause.

*Reversed and remanded.*